MARKMAN, J.
(dissenting). I would deny leave to appeal on the application. I believe that the Court of Appeals correctly held that the offer of judgment rule, MCR 2.405, may apply to cases, like this, in which the relief sought is equitable, and that the offer in dispute here constituted an offer of judgment within the meaning of MCR 2.405.
The language of MCR 2.405 does not differentiate between legal and equitable claims. Under MCR 2.405(D)(1), if a verdict is more favorable to the offeror than the offer, the offeree must pay the offeror’s actual costs. “Offer” is defined as “a written notification to an adverse party of the offeror’s willingness to stipulate to the entry of a judgment in a sum certain.” MCR 2.405(A)(1). Here, plaintiffs notified defendants in writing that they were willing to stipulate to the entry of a *98 judgment, i.e., a judgment awarding plaintiffs the property, for a sum certain, i.e., $3,000.
Defendants contend that plaintiffs’ offer did not constitute an offer of judgment under MCR 2.405 because it was not unconditional since plaintiffs’ offer to pay defendants $3,000 was “conditioned” on defendants’ transferring the deed to the property to plaintiffs. I respectfully disagree. Because this is a quiet-title action, an “entry of a judgment” in plaintiffs’ favor would necessarily have required defendants to transfer the deed to the property to plaintiffs. Therefore, although plaintiffs’ offer may have been more explicit than necessary in referencing the transfer of the deed, it was nevertheless, for all practical purposes, an unconditional offer.
Moreover, the offer was for a “sum certain” because plaintiffs offered to pay defendants $3,000 and $3,000 constitutes a sum certain.
Because plaintiffs offered to pay defendants $3,000 for the entry of a judgment in their favor, and because they ended up having to pay defendants $0 for the entry of a judgment in their favor, the trial court did not abuse its discretion by awarding costs to plaintiffs under MCR 2.405(D)(1).